**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2014**

# In the Court of Appeals of Georgia

A14A0142. SANDERS v. THE STATE.

BOGGS, Judge.

Following a bench trial, Meredith Sanders appeals from her convictions for driving under the influence of alcohol with an unlawful blood alcohol level (per se) in violation of OCGA § 40-6-391 (a) (5) and improper right turn in violation of OCGA § 40-6-120. In her sole enumeration of error on appeal, she contends that the trial court violated her "constitutional rights to due process and compulsory process" by failing to continue her case until she was able to obtain source code information for the Intoxilizer 5000 from a Kentucky witness. We disagree and affirm.

The record shows that the trial court issued a certificate of materiality to CMI, Inc., a Kentucky corporation that manufactured the Intoxilzer 5000, and ordered Sanders to present the certificate to a Kentucky court to determine if a summons

would be issued requiring a CMI, Inc. representative to appear and produce evidence. It appears from the record that the Kentucky trial court rejected the certificate of materiality, and the Georgia trial court denied Sanders' request for a stay or continuance of the trial based upon the absence of a material witness.

The alleged violations of Sanders' constitutional right to due process and confrontation have already been considered by this court in recent decisions involving nearly identical facts. See *Smith v. State*, 325 Ga. App. 405, 410 (4) (750 SE2d 758) (2013) and *Phillips v. State*, 324 Ga. App. 728 (751 SE2d 526) (2013). For the reasons articulated in *Smith* and *Philips*, we find no merit in Sanders' appeal and therefore affirm.

*Judgment affirmed. Barnes, P. J., and Branch, J., concur.*